UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

v.

MELO CONTRACTORS, CORP.,
a Florida corporation; MARTIN MELO; and
FIDELIA MELISSA CALDERON VILLATORO,
and NORMA VASQUEZ CALDERON,
as co-guardians for EDVIN VASQUEZ
CALDERON,

    Defendants.
_____/

CASE NO: 1:15-cv-23927

**COMPLAINT FOR DECLARATORY RELIEF**

    MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley") sues MELO CONTRACTORS, CORP. ("Melo"), MARTIN MELO ("Martin"), and FIDELIA MELISSA CALDERON VILLATORO and NORMA VASQUEZ CALDERON, co-guardians for EDVIN VASQUEZ CALDERON (collectively, "Calderon"), and alleges:

**NATURE OF ACTION**

    1.    This is an action for damages and declaratory relief under 28 U.S.C. § 2201 regarding coverage for a lawsuit by an injured statutory employee under a commercial general liability insurance policy with a Worker's Compensation Exclusion and an Employer's Liability Exclusion.

**JURISDICTION AND VENUE**

    2.    Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

    3.    Venue is proper in this district because a substantial part of the events giving

rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). Specifically, the subject insurance policy insures the business operations of a named insured that is domiciled in this district, the underlying action is venued in this district, and the underlying claims accrued in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Mt. Hawley is an Illinois corporation with its principal place of business in Illinois. Mt. Hawley is a surplus lines insurance company under Fla. Stat. §§ 626.913-626.937 that issued a commercial general liability policy to Melo.

6. Melo is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Melo is an insured under the Mt. Hawley policy and is a defendant in the underlying action.

7. Martin is a Florida citizen domiciled in Miami-Dade County, Florida. Martin is a defendant in the underlying action and is an insured under the Mt. Hawley policy to the extent he is alleged to be acting as Melo's officer, director, shareholder or employee.

8. Calderon is a Florida citizen and is domiciled in Miami-Dade County, Florida. Calderon sued Melo and Martin in the underlying action.

## COMMON ALLEGATIONS

9. *UNDERLYING ACTION:* Calderon filed suit against Melo, Martin, 26 Plaza Corp. ("26 Plaza"), and others in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 2014-012606. A copy of the third amended complaint is attached as Exhibit "A."

10. Calderon alleges he was at the project performing construction-related work. (Ex. A, ¶14.)

11. He was working as an employee or statutory employee of one or more of Melo's

sub-contractors or sub-subcontractors, including L&R Structural Corp., Inc. ("L&R"), Romero Service Corp. ("Romero"), and Acosta Construction ("Acosta").

12. Calderon alleges 26 Plaza failed to adequately supervise the construction project or otherwise take precautions or provide adequate warnings to Calderon. Calderon alleges that 26 Plaza had an active role in overseeing construction of the project. (Ex. A, ¶¶18-25.)

13. Calderon alleges Melo, as the general contractor on the project, failed to adequately supervise the construction project, failed to provide adequate fall protection, and failed to warn Calderon of the dangers on the project. (Ex. A, ¶¶26-33.)

14. Calderon alleges Martin is an officer of 26 Plaza and Melo and had a non-delegable duty to supervise the construction project. (Ex. A, ¶¶51-64.)

15. Calderon alleges Romero is liable for failing to provide adequate protection and failing to supervise Calderon. (Ex. A, Count III.)

16. Calderon alleges L&R was overseeing Calderon on the day of the incident and failed to adequately supervise the work. (Ex. A, Count IV.)

17. **THE PRIME CONTRACT:** 26 Plaza hired Melo under a prime contract to act as the general contractor on the project. A copy of the contract is attached as Exhibit "B."

18. **THE MT. HAWLEY POLICY**: Mt. Hawley issued a commercial general liability policy to Melo, bearing Policy No. MGL0178893, with coverage incepting on 09/19/2013 and terminating on 09/13/2014. A copy is attached as Exhibit "C."

19. In pertinent part, the policy consists of Form CG-0001 12 07, which provides:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

**2.**    **Exclusions**

This insurance does not apply to: …

    **b.**    **Contractual Liability**

        "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        **(1)**    That the insured would have in the absence of the contract or agreement; or

        **(2)**    Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. …

    **d.**    **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    **e.**    **Employer's Liability**

"Bodily injury" to:

**(1)**    An "employee" of the insured arising out of and in the course of:

    **(a)** Employment by the insured; or

    **(b)** Performing duties related to the conduct of the insured's business; or

**(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury. …

20.    The policy also includes Form CGL 333 (02/08), which provides:

    **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**AMENDMENT OF OTHER INSURANCE – EXCESS PROVISION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION IV**, Paragraph **4.b.(1)** of the **COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended by addition of the following:

(c)   This insurance is excess over any other insurance whether primary, excess, contingent or on any other basis that is available to you as an additional insured or contractual indemnitee under a policy issued to a subcontractor. You are required to give notice of claim to all "potential insurers" within 30 days of giving notice of claim to us.

We have no duty under **Coverage A** or **B** to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to your rights against all those other insurers.

We will pay only our share of the amount of loss, if any, that exceeds the sum of:

(i)   The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(ii)  The total of all deductible and self-insurance amounts under all such insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not brought specifically to apply in excess of the Limits of Insurance shown in the Declarations of the Coverage Part.

"Potential insurers" means all insurance companies who may be obligated to defend the insured as either a named insured or an additional insured. "Potential insurers" includes the insurers of all subcontractors who were contractually obligated to name the insured as an additional insured on their own insurance policy(ies).

21.   Mt. Hawley issued a reservation of rights letter to Melo and Martin.

**COUNT I – NO COVERAGE UNDER THE POLICY'S
WORKERS' COMPENSATION EXCLUSION**

22.   Mt. Hawley incorporates paragraphs 1 through 21.

23.   Calderon was injured in the course and scope of his employment with Romero, L&R, Acosta and any other subcontractor working on the project, for which Melo acted as the general contractor.

15064296v1 0960840

24. As an employee of a subcontractor or sub-subcontractor of Melo, Calderon is a statutory employee of Melo for the purpose of Florida's Worker's Compensation Act.

25. Melo's liability to Calderon arises out of Florida's Worker's Compensation Act.

26. The policy's Worker's Compensation Exclusion (Coverage Part A., Exclusion 2.d.) excludes coverage for bodily injury arising out of any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

27. Mt. Hawley has no duty to defend or indemnify Melo or Martin, including against any claims for indemnity from any other party.

## COUNT II– NO COVERAGE UNDER THE POLICY'S EMPLOYER'S LIABILITY EXCLUSION

28. Mt. Hawley incorporates paragraphs 1 through 21.

29. Calderon was injured in the course and scope of his employment with Romero, L & R, Acosta and any other subcontractor working on the project, for which Melo acted as the general contractor.

30. As an employee of a subcontractor or sub-subcontractor of Melo, Calderon is a statutory employee of Melo.

31. The policy's Employer's Liability Exclusion (Coverage Part A., Exclusion 2.e.) excludes coverage for bodily injury to any employee of the insured or arising out of work performed on behalf of the insured.

32. Mt. Hawley has no duty to defend or indemnify Melo or Martin.

## COUNT III – ALTERNATIVELY, ANY AVAILABLE COVERAGE IS EXCESS

33. Mt. Hawley incorporates paragraphs 1 through 21.

34. To the extent insurance exists for Melo or Martin, the insurance provided under

the Mt. Hawley policy is excess over any other insurance whether primary, excess, contingent or on any other basis that is available to Melo or Martin as an additional insured or contractual indemnitee under a policy issued to any subcontractor on the project, including but not limited to L & R, Romero, Acosta, and any other subcontractor.

35. Further, there is no obligation to defend or indemnify Melo or Martin until such underlying insurance has been exhausted.

## REQUESTED RELIEF

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy;

b. Find that Mt. Hawley has no obligation to defend or indemnify Melo or Martin in the underlying action;

c. Find, alternatively that, to the extent there is coverage, that Mt. Hawley's policy is excess over any other insurance available to Melo and Martin; and

d. Award Mt. Hawley all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/JOHN J. CAVO
SINA BAHADORAN
Florida Bar No. 523364
sbahadoran@hinshalaw.com
JOHN J. CAVO
Florida Bar No. 0462764
jcavo@hinshawlaw.com
2525 Ponce de Leon Blvd.
4th Floor
Miami, Florida 33134
Tel: 305-358-7747
Fax: 305-577-1063